UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LESLIE BILLINGS , individually and on Behalf of others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CASE NO.: 1:18-cv-01767-JMS-MJD |
| RYZE CLAIMS SOLUTIONS, LLC f/k/a Eagle Adjusting Services, Inc., an Indiana Limited Liability Company, and DOES 1-10 inclusive, | ) ) ) ) ) | |
| Defendant. | ) ) | |

## DEFENDANT RYZE CLAIMS SOLUTIONS, LLC'S AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND COUNTERCLAIM FOR INJUNCTIVE RELIEF AND DAMAGES

Defendant, RYZE Claim Solutions, LLC ("Defendant" or "RYZE"), by counsel, for its Amended Answer and Counterclaim in response to Plaintiff Leslie Billings' ("Plaintiff's") First Amended Complaint and Jury Demand, states as follows:

## GENERAL DENIAL[1]

Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Defendant generally denies each and every allegation and cause of action contained in Plaintiff's FAC, and further denies that Plaintiff or the putative class of individuals he purports to represent has been damaged in any manner or amount at all.

## AFFIRMATIVE DEFENSES

Without admitting any of the purported facts alleged in the Complaint, Defendant hereby asserts and alleges the following separate and additional affirmative defenses, without prejudice

---

[1] RYZE amends its Answer and Affirmative defenses solely to add counterclaims and not to change any statements in the Answer or Affirmative Defenses. RYZE therefore reproduces its Answer and Affirmative Defenses as initially filed in the Superior Court of Kern County, California.

1

to Defendant's right to argue that Plaintiff bears the burden of proof with respect to any one or more of these defenses.

## FIRST AFFIRMATIVE DEFENSE
### (Statutes Of Limitations)

1.     As a separate and affirmative defense to the FAC and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that the claims brought by Plaintiff and/or members of the putative classes are barred, in whole or in part, by one or more of the applicable statutes of limitations, including, but not limited to: 29 U.S.C. § 255, subdivision (a); California Labor Code §§ 201, 202, 203, 226, 226.7, 510, 512, 1194, 1197, 1198, and 2699.3; California Business and Professions Code § 17208; and California Code of Civil Procedure §§ 312; 337; 338, subdivision (a); 339; 340, subdivision (a); and 343.

## SECOND AFFIRMATIVE DEFENSE
### (Lack of Standing – Class Action)

2.     As a separate and affirmative defense to the FAC and to each purported cause of action alleged therein by Plaintiff on behalf of alleged putative class members, Defendant alleges that Plaintiff lacks standing and cannot represent the interests of the other alleged putative class members as to some or all of the purported claims.

## THIRD AFFIRMATIVE DEFENSE
### (Consent)

3.     As a separate and affirmative defense to the FAC and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that the claims brought by Plaintiff and/or alleged putative class members are barred, in whole or in part, by the doctrine of consent.

## FOURTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

4.      As a separate and affirmative defense to the FAC and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that Plaintiff and/or the alleged putative class members are barred from recovery on their monetary claims, in whole or in part, by their failure to exercise diligence to mitigate any damages allegedly incurred, if any.

## FIFTH AFFIRMATIVE DEFENSE
### (Laches)

5.      As a separate and affirmative defense to the FAC and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that the claims brought by Plaintiff and/or the alleged putative class members are barred, in whole or in part, by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE
### (Waiver)

6.      As a separate and affirmative defense to the FAC and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that the claims brought by Plaintiff and/or the alleged putative class members are barred, in whole or in part, because such claims have been waived, discharged, and/or abandoned.

## SEVENTH AFFIRMATIVE DEFENSE
### (Estoppel)

7.      As a separate and affirmative defense to the FAC and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that the claims brought by Plaintiff and/or the alleged putative class members are barred, in whole or in part, by the doctrine of estoppel.

## EIGHTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

8.     As a separate and affirmative defense to the FAC and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that the claims brought by Plaintiff and/or the alleged putative class members are barred, in whole or in part, by their own unclean hands and/or their inequitable or wrongful conduct.

## NINTH AFFIRMATIVE DEFENSE
### (Failure to Exhaust Administrative Remedies)

9.     As a separate and affirmative defense to the FAC and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that the claims brought by Plaintiff and/or the alleged putative class members are barred to the extent that they failed to timely and/or properly exhaust their administrative remedies.

## TENTH AFFIRMATIVE DEFENSE
### (Meal and Rest Period Waiver)

10.     As a separate and affirmative defense to the FAC, Defendant alleges that the claims brought by Plaintiff and/or the alleged putative class members for meal and rest periods are barred because Defendant provided meal and rest periods to Plaintiff and and/or the alleged putative class members in the manner permitted by applicable law and did not deny or prevent the opportunity to take meal and rest periods, to the extent they were ever entitled to them.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Standing)

11.     As a separate and affirmative defense to the FAC and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that the claims brought by Plaintiff are barred because the class he is not a member of the class he purports to represent.

4

## TWELFTH AFFIRMATIVE DEFENSE
### (Due Process / Class Certification)

12.    As a separate and affirmative defense to the FAC and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that certification of a class action would be an unconstitutional denial of Defendant's rights to due process under the Fourteenth Amendment to the United States Constitution and the California Constitution.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Adequate Remedy at Law)

13.    As a separate and affirmative defense to the claims of Plaintiff and putative members of the purported class action brought pursuant to California Business and Professions Code § 17200, et seq., and California Business and Professions Code § 17500, are barred in light of the fact that Plaintiff and the putative class members have an adequate remedy at law.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Due Process – Cal. Bus. & Prof. Code § 17200, et seq.)

14.    As a separate and affirmative defense to Plaintiff's cause of action for alleged violation of California Business and Professions Code § 17200, et seq., Defendant alleges that the claims are not appropriate for resolution on a representative basis and allowing such a representative claim would violate the Due Process clause of the United States and California Constitutions.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Due Process – Cal. Bus. & Prof. Code § 17200, et seq.)

15.    As a separate and affirmative defense to Plaintiff's cause of action for alleged violation of California Business and Professions Code § 17200, et seq., Defendant alleges that the claims brought by Plaintiff and putative members of the purported class action are barred, in whole or in part, because Defendant's business practices are not and were not unlawful in that

Defendant complied with all applicable statutes and regulations and/or in conformity with industry standards.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Doctrine of Avoidable Consequences)

16.    As a separate and affirmative defense to the FAC and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that the claims brought by Plaintiff and/or the alleged putative class members are barred, in whole or in part, under California law by the doctrine of avoidable consequences on the grounds that they unreasonably failed to make use of Defendant's practices and/or procedures by failing to timely and properly report any purportedly unlawful actions and/or omissions alleged in the FAC.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Setoff and Recoupment)

17.    As a separate and affirmative defense to the FAC and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that, if any damages have been sustained by Plaintiff and/or any alleged class action member he purports to represent, although such is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all extra payments or overpayments and/or all obligations of Plaintiff or alleged class action members owed to Defendant, or any of them, against any judgment that may be entered against Defendant, or any of them.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Accord and Satisfaction)

18.    As a separate and affirmative defense to the FAC, Defendant alleges that the claims of Plaintiff and/or some of the putative members of the purported class action defined

in the FAC are barred, in whole or in part, by the principles of accord and satisfaction, and payment.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Exempt Status)

19.     As a separate defense to the FAC and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that Plaintiff and/or one or more putative members of the purported class action defined in the FAC are exempt from coverage of the Federal and California wage-and-hour laws alleged in the FAC by virtue of one or ore statutory exemptions – including, but not limited to, the "administrative" exemption, the "executive" exemption, the "professional" exemption, the "highly compensated employee" exemption, and/or the "combination" exemption.

## TWENTIETH AFFIRMATIVE DEFENSE
### (No Knowing, Intentional, and/or Willful Conduct)

20.     As a separate and affirmative defense to the FAC and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that Plaintiff and the alleged putative class members are not entitled to any penalty award under any section of the California Labor Code because at all relevant times, Defendant did not willfully, knowingly, and/or intentionally fail to comply with the compensation provisions of the California Labor Code, but rather acted in good faith and had reasonable grounds for believing that they did not violate those provisions.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Good Faith / No Willful Violation of the Fair Labor Standards Act)

21.     As a separate and affirmative defense to the FAC and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that Plaintiff and the alleged putative class members are not entitled to rely on a three-year statute of

limitations or to recover any liquidated damages as prayed for in the FAC under the Fair Labor Standards Act because Defendant acted in good faith and did not willfully fail to comply with the federal wage-and-hour laws alleged in the FAC. Moreover, Defendant had reasonable grounds for believing that its actions and/or omissions, if any, did not violate the provisions of the Fair Labor Standards Act.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (*De Minimis*)

22.    As a separate and affirmative defense to the FAC and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant allege that the claims for relief based upon Defendant's alleged failure to fully and/or adequately compensate Plaintiff and the alleged putative class members for all time worked are barred, in whole or in part, because, to the extent Defendant did not provide the legally required overtime compensation, said violations were de minimis; and, ignoring de minimis violations, Defendant provided Plaintiff and the alleged putative class members with the legally required overtime compensation.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Third-Party Liability)

23.    As a separate and affirmative defense to the FAC and to each purported cause of action alleged therein by Plaintiff and the alleged putative members, Defendant alleges that the FAC is barred, in whole or in part, because any alleged injuries suffered by Plaintiff and the alleged putative class members were proximately caused, in whole or in part, by the acts and/or omissions of persons and/or entities other than Defendant, including by the acts and/or omissions of Plaintiff and/or the alleged putative class members themselves.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Good Faith Dispute That Wages Are Due)

24.  As a separate and affirmative defense to the purported cause of action alleged in the FAC by Plaintiff and the alleged putative class members pursuant to California Labor Code § 203, Defendant alleges that Plaintiff and the alleged putative class members are not entitled to any penalties under California Labor Code § 203 because at all relevant times, there has been a good faith dispute that any wages are or have been due, thereby precluding the imposition of any waiting time penalties against Defendant, or any of them.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Exclusions, Exceptions, Credits, and/or Offsets)

25.  As a separate and affirmative defense to the FAC, Defendant alleges that Plaintiff's claims and the claims of the alleged collective action members are barred in whole or in part by exclusions, exceptions, credits, and/or offsets permissible under the Fair Labor Standards Act.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Other Opt-Ins)

26.  As a separate and affirmative defense to the FAC, Defendant alleges that although Plaintiff is not similarly situated to other putative members of the purported collective action alleged in the FAC, should other individuals opt into this case, Defendant, and each of them, assert the separate defenses set forth herein as to those persons.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (No Joinder of Claims)

27.  As a separate and affirmative defense to the FAC, Defendant alleges that Plaintiff's claims cannot be properly joined with the claims of any potential opt-ins.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**
**(Excessive Fine)**

28.    As a separate and affirmative defense to the FAC, Defendant alleges that an award of penalties against Defendant, or any of them, under the circumstances of this case would constitute an excessive fine and otherwise would be in violation of Defendant's due process and other rights under the United States and California Constitutions.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**
**(Releases)**

29.    As a separate and affirmative defense to the FAC and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that the causes of action stated in the FAC are barred, in whole or in part, to the extent that individuals who Plaintiff wishes to represent as putative class members may have released some or all of the claims against Defendant, or any of them, that are being asserted in the FAC.

**THIRTIETH AFFIRMATIVE DEFENSE**
**(Cannot Satisfy Class Action Requirements)**

30.    As a separate defense to the FAC and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that Plaintiff and/or putative members of the purported class action cannot satisfy the requirements for a class, group, representative, and/or collective action.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**
**(Venue)**

31.    As a separate and affirmative defense to the FAC and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that the claims brought by Plaintiff are barred, or outside the jurisdiction of this Court because Plaintiff and Defendant entered into a valid and enforceable contract and forum selection clause

designating the United States District Court for the Southern District of Indiana, Indianapolis Division or Indiana state courts in Marion or Hamilton County as the only valid jurisdictions to hear Plaintiff's causes of action, or some or parts of them.

## THIRTY-SECOND AFFIRMATIVE DEFENSE
### (Additional Affirmative Defenses)

32.     As a separate and affirmative defense to the FAC and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that it currently has insufficient information upon which to form a belief as to whether it may have additional, as yet unstated, defenses. Defendant reserves the right to assert additional defenses in the event discovery indicates additional defenses are appropriate.

WHEREFORE, Defendant prays for judgment as follows:

1.     That the Court deny any request(s) by Plaintiff and/or the alleged putative class members to certify this action as a class and/or collective action;

2.     That Plaintiff and the alleged putative class members take nothing by the FAC;

3.     That the FAC herein be dismissed in its entirety, with prejudice;

4.     That judgment be entered against Plaintiff and in favor of Defendant on all causes of action asserted in the FAC;

5.     That Defendant be awarded its attorneys' fees incurred herein;

6.     That Defendant be awarded its costs of suit herein; and,

7.     For such other and further relief as the Court deems just and proper.

## COUNTERCLAIM FOR DAMAGES AND INJUNCTIVE RELIEF OF DEFENDANT RYZE CLAIMS SOLUTIONS, LLC

Defendant and Counterclaim Plaintiff Ryze Claims Solutions, LLC ("RYZE"), pursuant to Rule 13 of the Federal Rules of Civil Procedure ("Rule 13"), and for its Counterclaim against Plaintiff and Counterclaim Defendant Leslie Billings ("Billings"), states as follows:

1.      RYZE is a limited liability company that provides residential and commercial property adjusting services throughout the United States and conducts business in the State of Indiana, with its principal place of business and headquarters in Noblesville, Hamilton County, Indiana.

2.      RYZE was known as Eagle Adjusting Services, Inc. until on or about April 8, 2016.

3.      Upon information and belief, Billings is a citizen of the State of California, residing at 10324 Seneca Falls Ave, Bakersfield, California, 93312.

## JURISDICTION AND VENUE

4.      These counterclaims arise out of the same case or controversy at issue in Billings' First Amended Complaint and Demand for Jury Trial, and therefore jurisdiction is proper in this Court under 28 U.S.C. § 1367(a) and Fed. R. Civ. P. 13(a).

5.      Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because a substantial part of the property that is the subject of this action is situated in this district.

## STATEMENT OF FACTS

6.      RYZE employs claims adjusters who, among other activities, provide claims adjusting services with respect to properties damaged by flooding, catastrophe, and other events and on other types of insurance claims.

12

7.     Billings was hired by Eagle Adjusting Services, Inc. on May 11, 2009 as a claims adjuster.

8.     Throughout Billings' employment with Eagle Adjusting Services, which has been renamed RYZE, Billings, as a condition of employment and continued employment, was covered by several employment agreements.

9.     Most recently, Billings executed and entered into an employment agreement with RYZE on or about April 4, 2016 ("Employment Agreement"). *See* Exhibit 1, incorporated herein by reference.

10.     Like the prior agreements that Billings entered into, Paragraph 6(a) of the Employment Agreement states in relevant part:

> Employee acknowledges that in the course of his/her employment as a Claims Adjuster with RYZE, s/he will occupy a position of trust and confidence and will have access to and may develop confidential information of actual or potential value to, or otherwise useful to, RYZE. "Confidential Information" means information that RYZE owns or possesses, that it uses or is potentially useful in its business, that it treats as proprietary, private or confidential, and that is not generally known to the public, including, but not limited to, trade secrets (as defined by the Indiana Trade Secrets Act, Ind. Code sec. 24-2-3-1, et. seq.), information relating to RYZE's business plans, financial condition, operating and other costs, sales, pricing, marketing, ideas, inventions, research records, plans for product or service improvements and development, technical service expertise, lists of actual or potential customers, actual and potential customer usage and requirements, customer records, trade secrets, and any other information which derives independent economic value, either actual or potential.

Exhibit 1, Paragraph ¶ 6(a).

11.     The Employment Agreement also provides in relevant part:

> Employee agrees to use Confidential Information solely in the course of Employee's duties as an employee of RYZE and in furtherance of RYZE's business. Employee hereby further agrees that the above-referenced information will be kept confidential at

all times during and after his/her employment with RYZE and that s/he will not disclose or communicate to any third party any of the Confidential Information and will not make use of the Confidential Information for his/her own behalf or on the behalf of a third party. Employee further agrees that any unauthorized use or disclosure of the Confidential Information, or other violation or threatened violation of this Agreement could cause irreparable damage to RYZE and that, therefore, RYZE shall be entitled to an injunction prohibiting Employee from any such disclosure, attempted disclosure, violation or threatened violation.

Exhibit 1, ¶ 6(b).

12.    Billings' Employment Agreement further states:

Employee agrees to return to RYZE, on or before Employee's separation from employment, all RYZE property, information and documents, including and without limitation, all reports, files, memoranda, records, software, credit cards, keys, computer access codes or disks, instruction or operational manuals, handbooks or manuals, written financial information, business plans or other physical and personal property which Employee received or prepared or helped prepare in connection with his/her employment with RYZE; and Employee acknowledges that's/he has not retained and will not retain any copies, duplicates, reproductions, or excerpts thereof.

Exhibit 1, Paragraph ¶ 6(c).

13.    Finally, Billings' Employment Agreement states in relevant part:

**<u>Injunctive Relief and Other Remedies.</u>** Employee agrees that any breach or threatened breach of the provisions of this Agreement shall cause immediate and irreparable injury to RYZE for which there exists no adequate remedy at law, thus entitling RYZE to immediate injunctive relief to restrain or enjoin such breach or threatened breach, without prejudice to any other rights or remedies afforded RYZE hereunder or by law. In the event it becomes necessary for RYZE to institute legal proceedings to enforce any of the terms of this Agreement against Employee, Employee shall be liable to RYZE for all costs of such legal proceedings, including reasonable attorneys' fees.

Exhibit 1, Paragraph ¶ 7.

14.    Billings resigned his employment in or about July 2016.

15.     Upon information and belief, Billings accessed RYZE's computer systems without authorization and contrary to his Employment Agreement to review, download, copy, or otherwise create duplicates of RYZE's Confidential Information as defined in his Employment Agreement, including, but not limited to, confidential, proprietary, and trade secret training materials, samples, templates, client reports, invoices, client-identifying information, insured-identifying information, and fee schedules, among others.

16.     On or about July 5, 2016, RYZE sent an email to Billings providing him instructions for how to return RYZE property to the company, including information for using RYZE's Federal Express Account. *See* Exhibit 2.

17.     At the time of his termination and thereafter, Billings failed to return to RYZE all RYZE property, information, and documents, including Confidential Information covered by his Employment Agreement.

18.     RYZE became aware that Billings failed to return to RYZE all property, information, and documents, including Confidential Information, belonging to RYZE when Plaintiff used certain documents during a deposition on November 28, 2018, and subsequently produced at least some of this information in this lawsuit. RYZE did not produce these documents to Billings as part of RYZE's discovery production or at any other time during this litigation.

19.     Specifically, during the November 28, 2018, 30(b)(6) deposition of RYZE Vice President Ryan Bramblett, Billings introduced several documents as exhibits that are the property of RYZE and should have been returned by Billings to RYZE over two years ago prior to or upon the termination of his employment. These documents include: (1) confidential fee schedules disclosing the fees agreed to be paid by multiple RYZE customers for RYZE's

various services for them; (2) an adjuster activity worksheet that RYZE employees used to calculate the billings for their activities; (3) RYZE Claim Invoices; and (4) sample materials.

20.    In addition, on December 4, 2018, Plaintiff produced a number of documents in response to RYZE's requests for production.  That document production included additional Confidential Information, including numerous closed claims reports that collect the RYZE ID, claim number, policy number, client name, insured name and address, type of loss, and certain other details apparently for every claim that Plaintiff handled for RYZE during his employment with the company.

21.    These documents contain Confidential Information about RYZE's pricing and billing practices and are the property of RYZE. Several of these documents also contain Confidential Information identifying the insureds of RYZE's clients, including their names, addresses, insurance policy numbers, claims numbers, and details regarding their insurance claims.

22.    Plaintiff's unauthorized access of, taking, retention, and use of such Confidential Information violates Plaintiff's Employment Agreement and violates the law.

## FIRST CAUSE OF ACTION
### (Breach of Contract—Employment Agreement)

23.    RYZE incorporates its allegations in paragraphs 1-22 as if fully set forth herein.

24.    The employment agreements that Billings entered with Eagle Adjusting Services, Inc./RYZE, including the Employment Agreement that Billings executed on April 4, 2016, are valid and enforceable contracts, and RYZE fully performed all conditions, covenants, and obligations on its part to be performed under the terms of these employment agreements.

25.    Upon information and belief, Billings breached the Employment Agreement by accessing, copying, duplicating, and taking without authorization RYZE's Confidential Information.

26.     Upon information and belief, Billings breached the Employment Agreement by failing to return all property of RYZE upon his termination, including Confidential Information, reports, files, records, written financial information, and other materials in Billings' possession and by improperly using and disclosing Confidential information of RYZE.

27.     The Employment Agreement also provided that Billings would not disclose Confidential Information, would use Confidential Information solely in furtherance of Billings' duties as an Employee of RYZE, and would not disclose, communicate, or make use of Confidential Information on Billings' behalf or on behalf of a Third Party.

28.     Upon information and belief, Billings breached the Employment Agreement in various ways including by maintaining possession of electronic and/or physical documents containing Confidential Information and using Confidential Information for his own purposes.

29.     As a legal and proximate result of Billings' breaches of the Employment Agreement, RYZE has suffered damages.

30.     The Employment Agreement provides that Billings shall account for and pay to RYZE a reasonable sum as and for attorneys' fees and costs of litigation should it bring an action against Billings for breach of the Employment Agreement and prevail in such action.

WHEREFORE, RYZE prays for judgment against Billings pursuant to the First Cause of Action of its Counterclaim for an injunction requiring Billings to comply with his contractual obligations, including without limitation requiring Billings to return to RYZE all property, information, and documents and requiring Billings not to use RYZE's Confidential Information or disclose it to anyone else, and for damages to be determined with specificity, plus interest, costs and expenses and other charges, including without limitation attorney's fees and costs, in the sum to be proven at trial, and for such other and further relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION
### (Violation of the Indiana Uniform Trade Secrets Act)

31.     RYZE incorporates its allegations in paragraphs 1-30 as if fully set forth herein.

32.     RYZE's Confidential Information derives independent economic value from not being known to, and not being readily ascertainable by proper means by other persons who could obtain economic value from the information's disclosure or use.

33.     RYZE has taken reasonable steps to protect the secrecy of its confidential and proprietary information, including but not limited to restricting internal access to such information to those employees who have a "need to know" the information and perform their duties and restricting access to the RYZE network.

34.  RYZE's Confidential Information includes information that constitutes a trade secret under the Indiana Uniform Trade Secrets Act, Ind. Code § 24-2-3-1, *et seq.*

35.  Billings intentionally and willfully misappropriated RYZE's confidential information and trade secrets.

36.  RYZE is entitled to damages for the harm caused by Billings' use and/or disclosure of RYZE's trade secrets, including exemplary damages for willful misappropriation of trade secrets.

37.  Further, RYZE is entitled to injunctive relief to protect against the imminent threat of Billings' future use and/or disclosure of RYZE's trade secrets as such use and/or disclosure will cause RYZE substantial and irreparable harm for which there is no adequate remedy at law.

38.  As a result of Billings' willful misappropriation, RYZE is entitled to an award of attorney fees.

WHEREFORE, RYZE prays for judgment against Billings pursuant to the Second Cause of Action of its Counterclaim for an injunction requiring Billings to comply with his legal

18

obligations, including without limitation requiring Billings to return to RYZE all trade secret information and not to use it or disclose it to anyone else, and for damages and exemplary damages to be determined with specificity, plus interest, costs and expenses and other charges including without limitation, attorney's fees and costs, in the sum to be proven at trial, and for such other and further relief as the Court deems just and proper.

## THIRD CAUSE OF ACTION
### (Conversion)

39.     RYZE incorporates by reference paragraphs 1-38 as though fully set forth herein.

40.     Billings signed an Employment Agreement on March 31, 2016, which was still in effect in July 2016 when his employment with RYZE ended.

41.     According to the terms of his Employment Agreement, RYZE had the immediate and unqualified right to the return of its property from Billings following his termination.

42.     Upon information and belief, following the termination of his employment, Billings kept, and continues to retain, property of RYZE.

43.     Without the consent or authorization of RYZE, and despite his Employment Agreement's providing a written demand to return the same, Billings voluntarily and knowingly took and/or maintained possession and control of the property of RYZE following his termination which are the exclusive property of RYZE.

44.     Billings knowingly and intentionally engaged in the conduct of exerting unauthorized control over the property of RYZE.

45.     RYZE has been harmed, and is at risk of harm, by Billings' maintaining unauthorized control and possession of its property.

46.     Billings' conversion of RYZE's property was accompanied by malice, gross negligence, and/or oppressive conduct and Billings' acts were not the result of a mistake of law or fact, honest error of judgment, overzealousness, or mere negligence.

47.     As a direct and proximate result of Billings' conversion, RYZE has suffered, and is at risk of suffering, damages, pecuniary loss and injuries, including, but not limited to, all costs and expenses associated with this action including all attorney's fees and costs incurred in connection therewith and is entitled to treble and punitive damages to be proven at trial.

48.     Pursuant to Ind. Code § 34-24-3-1, RYZE is entitled to treble damages, an award of reasonable attorney's fees, and costs.

WHEREFORE, RYZE prays for judgment against Billings pursuant to the Third Cause of Action of its Counterclaim for an injunction requiring Billings to return to RYZE all of its property, and for damages, trebling of such damages, plus interest, costs and expenses and other charges including without limitation attorney's fees and costs, in the sum to be proven at trial, punitive damages and for such other and further relief as the Court deems just and proper.

### FOURTH CAUSE OF ACTION
**(Computer Trespass)**

49.     RYZE incorporates by reference paragraphs 1-48 as though fully set forth herein.

50.     Upon information and belief, Billings knowingly and intentionally accessed RYZE's computers, computer and e-mail systems, computer network, or parts thereof, without the consent or authorization of RYZE in violation of Indiana Code § 35-43-2-3.

51.     RYZE was harmed, and is at risk of continued harm, by Billings' computer trespass and such trespass was a substantial factor in causing its harm.

52.     Upon information and belief, Billings' computer trespass was accompanied by malice, gross negligence, and/or oppressive conduct and Billings' acts were not the result of a mistake of law or fact, honest error of judgment, overzealousness, or mere negligence.

53.     As a direct and proximate result of Billings' computer trespass, RYZE has suffered, and is at risk of suffering, damages, pecuniary loss and injuries, including, but not limited to, all costs and expenses associated with this action including all attorney's fees and

costs incurred in connection therewith and are entitled to treble and punitive damages to be proven at trial.

54.    Pursuant to I.C. § 34-24-3-1, RYZE is entitled to treble damages, an award of reasonable attorney's fees, and costs.

WHEREFORE, RYZE prays for judgment against Billings pursuant to the Fourth Cause of Action of its Counterclaim for an injunction requiring Billings to return to RYZE all of its property obtained as a result of his computer trespass and to cease any further trespass, and for damages representing the harm of the computer trespass, treble damages, plus interest, costs and expenses and other charges including without limitation attorneys' fees and costs, in the sum to be proven at trial, punitive damages and for such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By:   *s/ Christopher C. Murray*
        Christopher C. Murray, Atty. # 26221-49 (IN)
        Susan H. Jackson, Atty. #0090924 (OH)
        111 Monument Circle
        Suite 4600
        Indianapolis, IN  46204
        Telephone:   317.916.1300
        Facsimile:    317.916.907
        christopher.murray@ogletree.com

Attorneys for Defendant

## <u>CERTIFICATE OF SERVICE</u>

  I hereby certify that on February 14, 2019, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's CM/ECF system:

Jason Thomas Hatcher
Robert M. Kitson
Alvin F. Ferrara
The Myers Law Group, APC
jhatcher@myerslawgroup.com
ahendrix@myerslawgroup.com
rkitson@myerslawgroup.com

        s/  *Christopher  C.  Murray*

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
111 Monument Circle, Suite 4600
Indianapolis, IN 46204
Telephone:  317.916.1300
Facsimile:  317.916.9076

37429098.1