# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE BILLINGS,<br><br>    Plaintiff,<br><br>    v.<br><br>RYZE CLAIM SOLUTIONS, LLC,<br><br>    Defendants. | Case No.: 1:19-cv-01038 DAD JLT<br><br>ORDER TO THE PARTIES TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE REMANDED TO STATE COURT; ORDER CONTINUING THE SCHEDULING CONFERENCE |

This matter was transferred to this Court from the Southern District of Indiana. (Doc. 105) In the transfer order, the court held,

> Mr. Billings originally filed this matter as a putative class action in Kern County Superior Court, California, on August 22, 2017. [Filing No. 1-1 at 4-29.] He alleged that Ryze failed to comply with a variety of requirements imposed by California law and asserted claims based upon a failure to pay minimum wages, provide mandatory meal and rest breaks, reimburse business expenses, and provide accurate wage statements, among other things. [Filing No. 1-1 at 4-29.] . . . Mr. Billings amended his Complaint to add claims under the FLSA . . .
>
> [¶¶]
>
> On June 18, 2019, the Court granted summary judgment for Ryze as to Leslie Billings' claims under the FLSA. [Filing No. 100.] Remaining for resolution are Mr. Billings' eight state-law claims, [see Filing No. 1-1 at 42-60], and Ryze's four state-law counterclaims, [see Filing No. 71 at 16-22]. Related to Mr. Billings' claims and pending for decision are Mr. Billings' motions concerning class certification, [Filing No. 63; Filing No. 66], and Ryze's Motion to Strike Expert Report of Bennett Berger, [Filing No. 76].

(Doc. 105 at 2-3) The Court here agrees with the Indiana court which observed,

1

> [T]the Supreme Court has recognized that "there is a local interest in having localized controversies decided at home." Piper Aircraft Co. v. Reyno, 454 U.S. 235, 260 (1981) (internal quotation omitted) (applying analogous forum non conveniens doctrine). Among the reasons for this local interest, "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508-09 (1947) (applying forum non conveniens doctrine). The citizens and elected officials of California have instituted the codes at issue for the protection of California workers, such as those in the putative class in this case . . . [T]he trial should be conducted by and before the citizens of California to decide whether the putative class is entitled to damages under California law.

Id. at 7. For these reasons, the Court **ORDERS**:

1. **No later than October 18, 2019**, the parties **SHALL** show cause in writing why this action should not be remanded to the Kern County Superior Court;

2. The scheduling conference is **CONTINUED** to **December 2, 2019** at 8:45 a.m.

IT IS SO ORDERED.

Dated: **October 3, 2019**  **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE